IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01697-WYD-MJW

MARIE HENNING,

    Plaintiff,

v.

ROSESTAR SOUTHWEST, LLC d/b/a
HYATT REGENCY BEAVER CREEK,

    Defendant.

_____

**ORDER ADOPTING AND AFFIRMING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court in connection with Plaintiff's Motion for Sanctions for Spoliation of Evidence ("Motion"), filed June 30, 2004.  This motion was referred to Magistrate Judge Michael J. Watanabe, who issued an Order Regarding Plaintiff's Motion ("Recommendation") on August 30, 2004 which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72.  The Magistrate Judge recommends therein that Plaintiff's Motion be denied.

Since I find Plaintiff filed a timely Objection on September 27, 2004, I must review Magistrate Watanabe's Recommendation to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  FED. R. CIV. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

In her Objection to the Magistrate Judge's Recommendation, Plaintiff generally asserts dismissal of her Motion is improper because she promptly reported the injury-causing incident to the front desk of the Hyatt. Objection, at 2. Plaintiff also asserts the Magistrate Judge placed too much emphasis on the belief that "the Plaintiff did not even inform the Defendant's staff that there was a broken chair in the room in which she was staying." *Id*. Lastly, Plaintiff contends the Magistrate Judge's conclusion is erroneous given the "issue of whether intentional conduct is required for a spoliation sanction" was not resolved by *Pfantz v. Kmart Corp.*, 85 P.3d 564 (Colo. App. 2003).[1]

I find that Plaintiff's objections should be overruled, and the Recommendation affirmed and adopted. Spoliation occurs when a party destroys discoverable material which the party knew or should have known was relevant to pending, imminent, or reasonably foreseeable litigation. *Gates Rubber Co. v. Bando*, 167 F.R.D. 90, 102 (D. Colo. 1996). Here, the record before the Court indicates that at the time of the alleged injury, there was nothing to suggest to Defendant that litigation was reasonably foreseeable, because Defendant had no indication a broken chair existed. Specifically, Plaintiff admits she did not inform Defendant that there was a broken chair in her room after the alleged incident took place. Objection, at 2. Plaintiff also stated that after she fell, Mr. Hamilton, the individual staying with Plaintiff in Defendant's hotel room, put the chair back together. Pl.'s Dep., at p. 78, line 5. It was not until Plaintiff filed this action,

---

[1] The Colorado Supreme Court granted Kmart Corporation's Writ of Certiorari on March 15, 2004 on the following issue: "[w]hether the court of appeals erred in upholding the trial court's imposition of an adverse inference against a defendant in a personal injury action for spoliation of evidence upon finding the defendant acted in bad faith and that defendant's conduct was 'either intentional or so reckless that it must be held accountable.'" 2004 WL 500848.

nearly two (2) years after the alleged accident, that Defendant was informed about the broken chair.

I further find Plaintiff's claim that this Court should reserve ruling on Plaintiff's Motion until *Pfantz v. Kmart Corp.* is decided, is without merit.  Accordingly, it is

ORDERED that the Order Regarding Plaintiff's Motion for Sanctions for Spoliation of Evidence (Docket No. 51), filed August 30, 2004, is **AFFIRMED** and **ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Objection to Magistrate's Order Regarding Plaintiff's Motion for Sanctions for Spoliation of Evidence, filed September 27, 2004, is **OVERRULED**.  It is

FURTHER ORDERED that Plaintiff's Motion for Sanctions for Spoliation of Evidence, filed June 30, 2004, is **DENIED**.

Dated:  August 30, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge